UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cr-00063-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| | ) | <u>ORDER</u> |
| vs. | ) | |
| | ) | |
| SEBASTIAN ALEXANDER MORRIS | ) | |

**THIS MATTER** is before the Court upon a motion of the defendant to modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2), (Doc. No. 46), his motion for summary judgment, (Doc. No. 48), and the government's response and motion for leave to file its response late, (Doc. No. 49).

Section 3583(e)(2) allows a court to modify conditions of supervised release upon consideration of certain sentencing factors in 18 U.S.C. § 3553(a). The United States Court of Appeals for the Fourth Circuit has recognized that a request that effectively attacks the district court's original sentencing decision provides no basis for modification. <u>United States v. O'Brien</u>, 23 F. App'x 175, 176 (4th Cir. 2002) (citing <u>United States v. Lassiter</u>, 104 F.3d 32, 34 (2d Cir. 1997)). Here, the defendant contends that conditions originally imposed by the sentencing judge are unconstitutional, not warranted by the facts of his case, and an impermissible

handing over power to the probation officer.[1] (Doc. No. 46: Motion at 4-9). Accordingly, the defendant is not entitled to relief under § 3583(e)(2).

**IT IS, THEREFORE, ORDERED** that:

1. the defendant's motion to modify conditions, (Doc. No. 46), is **DENIED;**

2. the defendant's motion for summary judgment, (Doc. No. 48), is **DENIED**; and

3. the government's motion to file its response late, (Doc. No. 49) is **GRANTED**.[2]

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, and the United States Probation Office.

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] The defendant did not appeal his sentence, and the Court previously denied his motion under 28 U.S.C. § 2255, (Doc. No. 45: Order).
[2] The defendant is currently incarcerated at Petersburg Low FCI, (Doc. No. 46-2: Envelope); therefore, he did not suffer any prejudice from the government's late filing.